**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| CALVIN SMITH, | |
| Petitioner, | CIVIL ACTION NO.: 2:20-cv-118 |
| v. | |
| MARK MELTON, | |
| Respondent. | |

## ORDER AND REPORT AND RECOMMENDATION

Petitioner Calvin Smith "("Smith") filed a 28 U.S.C. § 2241 Petition for Writ of Habeas

Corpus while he was a pre-trial detainee at the Appling County Detention Center in Baxley,

Georgia.  Doc. 1.  Smith also filed a Motion for Leave to Proceed *in Forma Pauperis*.  Doc. 2.

For the reasons which follow, I **RECOMMEND** the Court **DISMISS without prejudice**

Smith's Petition for failure to exhaust his state remedies, **DIRECT** the Clerk of Court to

**CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Smith *in forma*

*pauperis* status on appeal.[1]  I **DENY as moot** Smith's Motion for Leave to Proceed *in Forma*

*Pauperis* in this Court.[2]  Doc. 2.

## DISCUSSION

In his Petition, Smith asserts Appling County officials have violated his constitutional

rights by not following the writ of habeas corpus a judge issued, resulting in Smith being

detained in the Appling County Detention Center for over five months' time.  Doc. 1 at 6, 9–11.[3]

Smith accuses officials of "gross negligence," kidnapping, and falsely imprisoning him.  Id. at

10.  Smith seeks his immediate release from the Appling County Detention Center.  Id. at 12.

---

[1]  A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . .  To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond."  Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted).  A magistrate judge's Report and Recommendation provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Smith his suit is due to be dismissed.  As indicated below, Smith will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

[2]  Smith has submitted at least two notices of change of address to the Court, docs. 6, 7, but the docket has not been updated to reflect the first notice correctly or the most recent notice at all.  The Court **DIRECTS** the Clerk of Court to ensure this Order and Report and Recommendation is sent to Smith at his current place of incarceration, Coastal State Prison.  In addition, the Court observes it appears Smith has now been convicted of the Appling County charges since he is housed in a state prison, so his current Petition may now be moot.

[3]  Smith also challenges Ware County proceedings, but any such claims appear to have not been exhausted or would be untimely since he complains of events occurring in 2017 and readily admits to not having filed an appeal.  Doc. 1 at 6, 7–9.  In addition, Smith also contends he has been housed at the Appling County Detention Center for three and one half years.  Id. at 11.

I.      **Whether Smith Exhausted His State Remedies**

Smith's Petition should be dismissed because he failed to exhaust his available state

remedies prior to filing his Petition.  Smith's challenge to pretrial proceedings in Appling County

was properly brought under § 2241.  Hughes v. Coursey, No. CV110-077, 2010 WL 3338696, at

*1 (S.D. Ga. July 10, 2010) (citing Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003)).

A writ of habeas corpus may issue to a prisoner pursuant to § 2241 if the prisoner "is in custody

in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of

its attendant restrictions."  Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004).

Prior to filing a petition for writ of habeas corpus in federal court, a petitioner must first

seek relief from the courts within his state of conviction.  That requirement is as follows:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears
> that–
>
>> (A) the applicant has exhausted the remedies available in the courts of the
>> State; or
>
>> (B)(i) there is an absence of available State corrective process; or
>
>> (ii) circumstances exist that render such process ineffective to protect the
>> rights of the applicant.

28 U.S.C. § 2254(b)(1).  "An applicant shall not be deemed to have exhausted the remedies

available in the courts of the State, within the meaning of this section, if he has the right under

the law of the State to raise, by any available procedure, the question presented."  28 U.S.C.

§ 2254(c).  The United States Supreme Court has held "a state prisoner must present his claims

to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion

requirement" when discretionary review "is part of the ordinary appellate review process in the

State."  O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999).  Therefore, in order to

exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve

any constitutional issues by invoking one complete round of the State's established appellate

review process."  Id. at 845.  This exhaustion requirement also extends to a state's collateral

review process.  Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v.

Rich, 358 F.3d 852, 854 (11th Cir. 2004).  Failure to exhaust all claims or to demonstrate that

exhaustion is futile prior to bringing a § 2254 petition requires that the petition be dismissed.

See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other*

*grounds, as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result

in the automatic dismissal of his federal habeas petition, this is not always true.  See 28 U.S.C.

§ 2254(b) & (c).  First, a court may deny a petition on the merits without requiring exhaustion "if

it is perfectly clear that the applicant does not raise a colorable federal claim."  Granberry v.

Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2).  The State may also expressly waive

the exhaustion requirement.  Hills, 441 F.3d at 1376.  Finally, a court should not require

exhaustion if it has been shown "there is an absence of available State corrective process," or

that "circumstances exist that render such process ineffective to protect the rights of the

applicant."  28 U.S.C. § 2254(b)(1)(B).  The exhaustion requirement should not be applied "if

the state court has unreasonably or without explanation failed to address petitions for relief."

Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Smith has not shown this Court should entertain his federal petition.[4]  It is clear from the

face of Smith's Petition he has not exhausted his state remedies prior to the filing of his Petition.

---

[4]         Pursuant to Rule 4 of the Rules Governing § 2254 Cases:

Doc. 1 at 2–7 (demonstrating Smith took made no effort whatsoever to pursue state remedies before filing this Petition); Hughes, 2010 WL 3338696, at *2 (noting exhaustion requirement applies to challenges to pre-trial detention and collecting cases); Doc. 1 at 2, 6 (clearly marking "no" in response to whether he filed any appeals available to him).  In addition, there is no evidence corrective process in the State of Georgia is unavailable.  Hughes, 2010 WL 3338696, at *2 ("In Georgia, the proper method for challenging pre-trial detention, . . ., is a state petition for a writ of habeas corpus.").  Smith failed to exhaust his available state remedies prior to filing his Petition, and his Petition should be dismissed, without prejudice.

## II.      Leave to Appeal *in Forma Pauperis*

The Court should also deny Smith leave to appeal *in forma pauperis*.  Though Smith has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v.

---

The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition].  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Smith's failure to exhaust his state remedies, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Smith *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Smith's 28 U.S.C. § 2241 Petition for failure to exhaust his state remedies, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Smith leave to appeal *in forma pauperis*.  I **DENY as moot** Smith's Motion for Leave to Proceed *in Forma Pauperis*.  Doc. 2.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

6

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of March, 2022.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA